FILED

UNITED STATES DISTRICT COURT   2003 NOV -5 P 2: 38
DISTRICT OF CONNECTICUT

STANLEY GABY                   :   CIV. NO. US00CV1593(JCH)T
     *Plaintiff,*                  :
                         :
v.                         :
                         :
BOARD OF TRUSTEES FOR COMMUNITY   :
TECHNICAL COLLEGES, BOOKER T.     :
DEVAUGHN and PAUL SUSEN        :   October 31, 2003
     *Defendants.*

## RENEWED MOTION FOR COSTS

Judgment in this matter was entered on December 2, 2002. (Doc. # 31). Plaintiff filed an appeal to the Second Circuit on December 23, 2002 (Doc. # 32). The appeal was dismissed on technical grounds on March 31, 2003 but then reinstated by the Second Circuit on or about April 16, 2003. Oral argument was heard on October 23, 2003. The Second Circuit affirmed the District Court's judgment on October 29, 2003 (copy attached). Pursuant to the provisions of Rule 54(d) of the Federal Rules of Civil Procedure, and Rule 54(a) of the Local Rules of Civil Procedure, the defendants, who are the prevailing parties in the above-captioned case, respectfully request that the court assess costs in this action consistent with the Bill of Costs and Certification attached to this motion as Exhibits A and B. The actual amounts paid have, in applicable situations, been reduced to reflect the maximum allowable transcript rate, $3.75 per page, pursuant to Vol. VI, Chap. XX of the "Guide to Judiciary Policies and Procedures" and to omit any charges for shipping and handling.

DEFENDANTS
Board of Trustees of Community
Technical Colleges and Booker T.
DeVaughn and Paul Susen

RICHARD BLUMENTHAL
ATTORNEY GENERAL

BY: _____
Joseph A. Jordano
Assistant Attorney General
Fed. Bar No. ct21487
55 Elm Street, P.O. Box 120
Hartford, CT  06141-0120
Tel:  (860) 808-5340
Fax: (860) 808-5383
E-mail: Joseph.Jordano@po.state.ct.us


## CERTIFICATION


I hereby certify that a copy of the foregoing **Renewed Motion for Costs** with exhibits A

and B attached was mailed, U.S. mail first class postage prepaid, this  31st day of October, 2003

to all counsel of record.

John R. Williams, Esq.
Williams & Pattis, LLC
59 Elm Street, Suite 409
New Haven, CT  06510


_____
Joseph A. Jordano
Assistant Attorney General

**EXHIBIT A**

## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

STANLEY GABY                           :      CIV. NO. 3:00CV1593(JCH)
     *Plaintiff,*                       :
                                        :
     v.                                 :

BOARD OF TRUSTEES FOR COMMUNITY    :
TECHNICAL COLLEGES, BOOKER T.       :
DEVAUGHN and PAUL SUSEN          :      October 31, 2003
     *Defendants.*

### BILL OF COSTS

1. Fees of the Court Reporter ........................................... $1,322.08
       2 Depositions - bills attached

        **TOTAL**                 **$1,322.08**

# Falzarano Court Reporters

117 North Saddle Ridge
West Simsbury, CT 06092
860.651.0258   FAX 860.658.4341
FEIN 06-0978735

# Invoice

RECEIVED
APR 3 0 2001
I0/93692

| DATE | INVOICE # |
|---|---|
| 4/12/01 | 10287 |

**BILL TO**

Joseph A. Jordano, Esq.
Office of the Attorney General
P.O. Box 120
Hartford, CT 06141-0120
860.808.5271

**IN RE:**

STANLEY GABY v
BOARD OF TRUSTEES OF
TECHNICAL COLLEGES

US District Court

P0047089

| PAGES | JOB DATE | REPORTER | DEPONENT | ATTORNEY |
|---|---|---|---|---|
| 181 | 4/5/01 | Falzarano | Stanley Gaby | Joseph Jordano |

| DESCRIPTION | PAGES | RATE | AMOUNT |
|---|---|---|---|
| Deposition of STANLEY J. GABY - Volume 1 AG Regular Rate | 181 | 3.60 | 651.60 |
| AG Photocopying Exhibits | | 30.00 | 30.00 |
| Subtotal | | 0.28 | 1.12 |
| | | 0. | 682.72 |
| | | | 20 |

DATA-ENTERED IN
MAY 1 0 2001
BANNER

Date Goods Received/  4/5/01
Services Completed
Approval for Payment by
Date of Approval  5/10/01

| | Total | $682.72 |
|---|---|---|

# Falzarano Court Reporters

117 North Saddle Ridge
West Simsbury, CT 06092
860.651.0258  FAX 860.658.4341
FEIN 06-0978735



# Invoice

| DATE | INVOICE # |
|------|-----------|
| 5/3/01 | 10327 |

*IO198067*

| BILL TO | IN RE: |
|---------|--------|
| Joseph A. Jordano, Esq.<br>Office of the Attorney General<br>P.O. Box 120<br>Hartford, CT 06141-0120<br>860.808.5271 | STANLEY GABY v<br>BOARD OF TRUSTEES OF<br>TECHNICAL COLLEGES<br><br>US District Court |

E0000363

| PAGES | JOB DATE | REPORTER | DEPONENT | ATTORNEY |
|-------|----------|----------|----------|----------|
| 166 | 4/26/01 | Falzarano | Stanley Gaby | Joseph Jordano |

| DESCRIPTION | PAGES | RATE | AMOUNT |
|-------------|-------|------|--------|
| Deposition of STANLEY J. GABY – Vol. 2<br>AG Regular Rate | 166 | 3.60 | 597.60 |
| AG Photocopying Exhibits | | 30.00 | 30.00 |
| Subtotal | | | |
| | | 0.28 | 11.76 |
| | | | 639.36 |
| | | | .00 |

**INVOICE RECEIVED**

DATA ENTERED IN

MAY 1 0 2001

BANNER

MAY 09 2001

CO-Finance
Boards of Trustees of
Community-Technical Colleges

DATA-ENTERED IN

JUN 1 3 2001

BANNER

Date Goods Received/ 4/26/01
Services Completed
Approval for Payment by
Date of Approval  5/10/01

| | Total | $639.36 |
|--|-------|---------|

## EXHIBIT B

## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

STANLEY GABY                                          :     CIV. NO. 3:00CV1593(JCH)
    *Plaintiff,*                                    :
                                                     :
    v.                                               :
                                                     :
BOARD OF TRUSTEES FOR COMMUNITY                       :
TECHNICAL COLLEGES, BOOKER T.                         :
DEVAUGHN and PAUL SUSEN                               :     October 31, 2003
    *Defendants.*

## CERTIFICATION

I, Joseph A. Jordano, an Assistant Attorney General for the State of Connecticut, hereby certify that the foregoing costs were necessarily incurred in the defense of this matter, and that they accurately and completely reflect the costs spent by defendants in preparation of trial, preliminary injunction hearing and/or the motion for summary judgment filed in this case.

                                         Joseph A. Jordano
                                         Assistant Attorney General

Subscribed and sworn to before me by the above affiant on this the 31st day of October, 2003.

                                         Notary Public/Commissioner of the Superior Court

**Linda A. Flaherty**
**NOTARY PUBLIC**
**State of Connecticut**
**My Commission Expires 3/31/07**

4

# UNITED STATES COURT OF APPEALS

## FOR THE SECOND CIRCUIT

August Term, 2003

(Argued: October 23, 2003)                                    Decided: October 29, 2003)

Docket No. No. 03-7023

STANLEY J. GABY,

*Plaintiff-Appellant,*

v.

BOARD OF TRUSTEES OF COMMUNITY TECHNICAL
COLLEGES, BOOKER T. DEVAUGHN and PAUL SUSEN,

*Defendants-Appellees.*

Before: WINTER, CABRANES, and SACK, *Circuit Judges.*

Appeal from a grant of summary judgment to defendants by the United States District Court

for the District of Connecticut (Janet C. Hall, *Judge*). Plaintiff sued under 42 U.S.C. § 1983, alleging

that defendants denied him emeritus status following his retirement from Three Rivers Community

Technical College in retaliation for the exercise of his First Amendment rights and in violation of

equal protection. Plaintiff pursues this appeal solely against the Board of Trustees of Community

Technical Colleges seeking only prospective injunctive relief. We hold that the Board of Trustees, as

an arm of the State of Connecticut, is not a "person" subject to suit under § 1983.


Affirmed.


1

JOHN R. WILLIAMS, Williams & Pattis LLC, New Haven, CT, *for Appellant.*

JOSEPH A. JORDANO, Assistant Attorney General (Richard Blumenthal, Attorney General of the State of Connecticut, *of counsel*), Office of the Attorney General of the State of Connecticut, Hartford, CT, *for Appellee.*

PER CURIAM:

Plaintiff Stanley J. Gaby ("plaintiff") appeals from the District Court's grant of summary judgment for the defendants, the Board of Trustees of Community Technical Colleges ("Board of Trustees"), Booker T. DeVaughn ("DeVaughn"), and Paul Susen ("Susen") (collectively, "defendants"). Plaintiff sued under 42 U.S.C. § 1983, alleging that defendants denied him emeritus status following his retirement from Three Rivers Community Technical College in retaliation for the exercise of his First Amendment rights and in violation of equal protection. Plaintiff pursues this appeal solely against the Board of Trustees, seeking only prospective injunctive relief. Because we hold that the Board of Trustees is not a "person" subject to suit under § 1983, we affirm.

The Supreme Court held in *Will v. Michigan Dept. of State Police*, 491 U.S. 58 (1989), that "neither a State nor its officials acting in their official capacities are 'persons' under § 1983." *Id.* at 71. The Court noted that "a state official in his or her official capacity, when sued for injunctive relief, would be a person under § 1983 because 'official-capacity actions for prospective relief are not treated as actions against the State.'" *Id.* at 71 n.10 (quoting *Kentucky v. Graham*, 473 U.S. 159, 167 n.14 (1985)). Following *Will*, the Tenth Circuit has held that a former faculty member who sought injunctive relief through a § 1983 action against a state college board of trustees failed to state a claim against a "person" covered by § 1983. *McLaughlin v. Bd. of Trustees*, 215 F.3d 1168, 1172 (10th Cir. 2000). The Court noted, "[i]f [plaintiff] had sued a state official instead of the Board, he could have argued the viability of his claim for prospective injunctive relief because a state official in his or her official capacity, when sued for injunctive relief, would be a person under § 1983 . . . ." *Id.* at 1172 n.2.

3

Similarly, the Seventh Circuit has held, in an action seeking declaratory and monetary relief against the Board of Trustees of the University of Illinois, that "a state university is not a person within the meaning of § 1983 and therefore not subject to suits brought under § 1983." *Kaimowitz v. Bd. of Trustees*, 951 F.2d 765, 767 (7th Cir. 1992). And in a case not brought to our attention by either party, the United States District Court for the District of Connecticut dismissed a § 1983 action seeking injunctive relief against the Board of Trustees of Community Technical Colleges—the same defendant as in this case—on the grounds that the Board of Trustees is not a "person" subject to suit under § 1983. *Capital Comm. College Student Senate v. Connecticut*, 175 F. Supp. 2d 271, 271 (D. Conn. 2001); *cf. United States v. City of Yonkers*, 96 F.3d 600, 619 (2d Cir. 1996) (holding that the New York Board of Regents is not a "person" under § 1983); *Blanton v. State University of New York*, 489 F.2d 377, 382 (2d Cir. 1973) ("[T]he State University is not a 'person' within 42 U.S.C. § 1983."). We agree with these decisions and hold that boards of trustees of state colleges and universities are not subject to suit under § 1983.

Plaintiff concedes in his complaint that the Board of Trustees is an "agency of the State of Connecticut." While Plaintiff argues that his complaint is silent as to whether he sued the Board of Trustees in its "official" or "individual" capacity, it is clear that the Board of Trustees, as an entity, is not a state official. Having failed to pursue his appeal against a state official, plaintiff has no claim under § 1983.

*    *    *

We have considered all of plaintiff's arguments and have found each of them to be without merit. Accordingly, the judgment of the District Court is hereby **AFFIRMED**.

4