MANDATE

00-cv-1593

Hall

## UNITED STATES COURT OF APPEALS

### FOR THE SECOND CIRCUIT

FILED

Dec 8  3 27 PM '03

U.S. DISTRICT COURT
NEW HAVEN, CONN.

August Term, 2003

(Argued: October 23, 2003                                    Decided: **OCT 29** 2003  )

Docket No. No. 03-7023

STANLEY J. GABY,

*Plaintiff-Appellant,*

v.

BOARD OF TRUSTEES OF COMMUNITY TECHNICAL
COLLEGES, BOOKER T. DEVAUGHN and PAUL SUSEN,

*Defendants-Appellees.*

Before: WINTER, CABRANES, and SACK, *Circuit Judges.*

Appeal from a grant of summary judgment to defendants by the United States District

Court for the District of Connecticut (Janet C. Hall, *Judge*).  Plaintiff sued under 42 U.S.C. §

1983, alleging that defendants denied him emeritus status following his retirement from Three

Rivers Community Technical College in retaliation for the exercise of his First Amendment

rights and in violation of equal protection.  Plaintiff pursues this appeal solely against the

Board of Trustees of Community Technical Colleges seeking only prospective injunctive

relief.  We hold that the Board of Trustees, as an arm of the State of Connecticut, is not a

"person" subject to suit under § 1983.

1

ISSUED AS MANDATE: 11/19/03

Affirmed.

> JOHN R. WILLIAMS, Williams & Pattis LLC, New Haven, CT, *for Appellant*.
>
> JOSEPH A. JORDANO, Assistant Attorney General (Richard Blumenthal, Attorney General of the State of Connecticut, *of counsel*), Office of the Attorney General of the State of Connecticut, Hartford, CT, *for Appellee*.

PER CURIAM:

Plaintiff Stanley J. Gaby ("plaintiff") appeals from the District Court's grant of summary judgment for the defendants, the Board of Trustees of Community Technical Colleges ("Board of Trustees"), Booker T. DeVaughn ("DeVaughn"), and Paul Susen ("Susen") (collectively, "defendants"). Plaintiff sued under 42 U.S.C. § 1983, alleging that defendants denied him emeritus status following his retirement from Three Rivers Community Technical College in retaliation for the exercise of his First Amendment rights and in violation of equal protection. Plaintiff pursues this appeal solely against the Board of Trustees, seeking only prospective injunctive relief. Because we hold that the Board of Trustees is not a "person" subject to suit under § 1983, we affirm.

The Supreme Court held in *Will v. Michigan Dept. of State Police*, 491 U.S. 58 (1989), that "neither a State nor its officials acting in their official capacities are 'persons' under § 1983." *Id.* at 71. The Court noted that "a state official in his or her official capacity, when sued for injunctive relief, would be a person under § 1983 because 'official-capacity actions for prospective relief are not treated as actions against the State.'" *Id.* at 71 n.10 (quoting *Kentucky v. Graham*, 473 U.S. 159, 167 n.14 (1985)). Following *Will*, the Tenth Circuit has held that a

former faculty member who sought injunctive relief through a § 1983 action against a state

college board of trustees failed to state a claim against a "person" covered by § 1983.

*McLaughlin v. Bd. of Trustees*, 215 F.3d 1168, 1172 (10th Cir. 2000).  The Court noted, "[i]f

[plaintiff] had sued a state official instead of the Board, he could have argued the viability of

his claim for prospective injunctive relief because a state official in his or her official capacity,

when sued for injunctive relief, would be a person under § 1983 . . . ." *Id.* at 1172 n.2.

Similarly, the Seventh Circuit has held, in an action seeking declaratory and monetary

relief against the Board of Trustees of the University of Illinois, that "a state university is not a

person within the meaning of § 1983 and therefore not subject to suits brought under § 1983."

*Kaimowitz v. Bd. of Trustees*, 951 F.2d 765, 767 (7th Cir. 1992).  And in a case not brought to

our attention by either party, the United States District Court for the District of Connecticut

dismissed a § 1983 action seeking injunctive relief against the Board of Trustees of

Community Technical Colleges—the same defendant as in this case—on the grounds that the

Board of Trustees is not a "person" subject to suit under § 1983.  *Capital Comm. College*

*Student Senate v. Connecticut*, 175 F. Supp. 2d 271, 271 (D. Conn. 2001); *cf. United States v.*

*City of Yonkers*, 96 F.3d 600, 619 (2d Cir. 1996) (holding that the New York Board of Regents

is not a "person" under § 1983); *Blanton v. State University of New York*, 489 F.2d 377, 382 (2d

Cir. 1973) ("[T]he State University is not a 'person' within 42 U.S.C. § 1983.").  We agree

with these decisions and hold that boards of trustees of state colleges and universities are not

subject to suit under § 1983.

Plaintiff concedes in his complaint that the Board of Trustees is an "agency of the State of Connecticut." While Plaintiff argues that his complaint is silent as to whether he sued the Board of Trustees in its "official" or "individual" capacity, it is clear that the Board of Trustees, as an entity, is not a state official. Having failed to pursue his appeal against a state official, plaintiff has no claim under § 1983.

\*                    \*                    \*

We have considered all of plaintiff's arguments and have found each of them to be without merit. Accordingly, the judgment of the District Court is hereby AFFIRMED.

4

A TRUE COPY
Roseann B. MacKechnie, CLERK
by
DEPUTY CLERK